**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RUFUS MITCHELL, on Behalf of Himself and on Behalf of All Others Similarly Situated §§§§§<br><br>Plaintiff, §<br>§<br>V. §<br>§<br>BOB EVANS RESTAURANTS, LLC, §<br>§<br>Defendant. §§§§ | CIVIL ACTION NO. 3:24-cv-01840<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CLASS ACTION AND**
**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. Defendant Bob Evans Restaurants, LLC ("Defendant") required Plaintiff Rufus Mitchell to work more than 40 hours in a workweek without paying him overtime wages. Unfortunately, Defendant misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law (IMWL), 820 Ill. Comp. Stat. 105/4a, and denied him pay at the rate of time and one half his regular rate of pay when he worked more than 40 hours in a workweek. In addition to Plaintiff, Defendant has misclassified hundreds of other workers as exempt from overtime.

2. Defendant's conduct violates both the FLSA and the IMWL, which require non-exempt employees to be compensated for all hours in excess of 40 in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a); 820 Ill. Comp. Stat. 105/4a. On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b), and as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the IMWL.

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et. seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of Illinois because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs alleged herein.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Rufus Mitchell is an individual residing in Belleville, Illinois. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The FLSA Class Members are all current and former assistant managers, including kitchen managers and front of the house managers, paid a salary without overtime pay during the three-year period before the filing of this Complaint.

7. The Illinois Class Members are all current and former assistant managers, including kitchen managers and front of the house managers, paid a salary without overtime pay in Illinois during the three-year period before the filing of this Complaint.

8. The FLSA Class Members and the Illinois Class Members shall be collectively referred to as the "Class Members."

9. Defendant Bob Evans Restaurants, LLC is a Delaware limited liability company doing business in Illinois. Said Defendant may be served process through its registered agent CT Corporation System at 208 South Lasalle St., Suite 814, Chicago, IL 60604.

10. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Illinois and established minimum contacts sufficient to confer jurisdiction. Defendant conducts business throughout Illinois, advertises in Illinois, has Illinois customers, markets to residents of Illinois, and owns property in Illinois. Furthermore, Defendant has contracted with and employed Illinois residents. Moreover, the violation of the law and harm committed to Plaintiff occurred in Illinois.

11. Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant also had and continues to have continuous and systematic contacts with the State of Illinois sufficient to establish general jurisdiction over it.

## **COVERAGE**

12. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because it has had and continues to have employees engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1)(A).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

16. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce. *See* 29 USC §§ 206-207.

17. At all material times, Defendant has been an employer and Plaintiff has been an employee within the meaning of the Illinois Minimum Wage Law. 820 Ill. Comp. Stat. 105/3(c), (d); *Id.* 4a.

## FACTUAL ALLEGATIONS

18. Defendant operates a chain of restaurants under the name "Bob Evans." Defendant's restaurants are located across the country, including in Delaware, Florida, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Virginia, and West Virginia. (https://www.bobevans.com/locations, last visited Aug. 3, 2024).

19. At each of the Bob Evans restaurants, Defendant employ servers, cooks, and managers.

20. The hierarchy in the Bob Evans restaurants consists of a general manager, who oversees the entire operation of the restaurant, and several employees who are given the title "manager" but work underneath the general manager.

21. In particular, directly underneath the general manager is the "assistant general manager."

22. Underneath the assistant general manager is the kitchen manager and the front of the house manager.

23. Underneath the kitchen manager is an "assistant kitchen manager."

24. The assistant general manager, kitchen manager, front of the house manager, and assistant kitchen manager (collectively referred to as "Bob Evans Assistant Managers") are not exempt from overtime. Although they are given the title "manager," their job duties do not satisfy any exemption from overtime.

25. The primary duty of the Bob Evans Assistant Managers is not to manage the restaurant, the kitchen, or the waitstaff. Instead, the primary duty of the Bob Evans Assistant Mangers is to perform manual labor tasks of cleaning the restaurant, making food, and serving food to customers.

26. The primary duty of the Bob Evans Assistant Managers is not to direct the work of two or more full time employees. That responsibility is with the general manager.

27. The Bob Evans Assistant Managers do not have hiring or firing authority and their suggestions, if any, with respect to hiring, firing, or the advancement/promotion of other employees is not given any particular weight. That responsibility is with the general manager.

28. The Bob Evans Assistant Managers do not set or adjust rates of pay.

29. The Bob Evans Assistant Managers do not make any hiring or firing decisions.

30. The Bob Evans Assistant Managers regularly work more than 40 hours each week.

31. Despite these facts, the Bob Evans Assistant Managers are classified as exempt from overtime and do not receive any additional wages when they work more than 40 hours in a week.

32. Plaintiff worked for Defendant as a kitchen manager from approximately January 2022 to January 2023. He worked at the Bob Evans restaurant in Fairview Heights, Illinois and in Collinsville, Illinois.

33. Plaintiff regularly worked more than 40 hours in a week. Plaintiff's schedule was normally five days per week with Monday and Tuesday off of work. He normally worked a shift that was 7 am to 7pm or 3pm to 1 am. His job duties consisted of cooking, cleaning, serving as a prep cook in the mornings, washing dishes, sweeping and mopping floors, and cleaning bathrooms. During COVID, he was the primary cook at the restaurant where he worked. Cooks are an hourly

non-exempt position for Defendant. Disptue working more than 40 hours per week, he was not paid any overtime wages.

34. That is because Plaintiff was classified as exempt from overtime and thus was not paid overtime at the rate of time and one half his regular rate of pay when he worked more than 40 hours in a workweek.

35. Plaintiff was not exempt from overtime. Like the other Bob Evans Assistant Managers, Plaintiff's primary duty was to perform manual labor tasks.

36. On a typical shift, Plaintiff spent the vast majority of his time performing manual labor tasks such as preparing ingredients, cooking, washing dishes, sweeping and mopping the kitchen, cleaning tables, and cleaning the bathrooms.

37. Plaintiff and the Class Members were not exempt under the FLSA or the IMWL.

38. The primary duty of Plaintiff and the Class Members was not to supervise other employees or manage a customarily recognized department of Defendant's company.

39. Plaintiff and the Class Members had no authority to hire or fire other employees.

40. Plaintiff and the Class Members had no authority or input regarding promoting or demoting other employees.

41. Plaintiff and the Class Members had no authority to set or adjust the rates of pay of other employees.

42. Plaintiff and the Class Members were required to follow the directions of the employees giving them assignments.

43. Plaintiff and the Class Members were not office or "white collar" employees. They performed manual labor work related to Defendant's core business—i.e restaurant services—not the management of Defendant's operations.

44. The primary duty of Plaintiff and the Class Members did not require independent judgment and discretion with respect to matters of significance.

45. The primary duty of Plaintiff and the Class Members was related directly to the service that Defendant offered, not the management of the company's operations.

46. Despite these facts, Defendant classified Plaintiff and the Class Members as exempt from overtime pay.

47. Defendant knew or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In particular, Defendant operates a large, sophisticated company that knew about the requirement to pay overtime wages. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

49. As part of their regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

50. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of their employees.

51. Plaintiff's knowledge is based on his personal work experience and his knowledge of Defendant's policies. Plaintiff personally worked with other employees who were also classified as exempt from overtime.

52. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

53. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

54. The FLSA Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendant.

55. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

56. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

57. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

58. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

59. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

60. All FLSA Class Members, irrespective of their particular job requirements or job title are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

61. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLA Class Members.

62. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> **All current and former Bob Evans Assistant Managers who were classified as exempt from overtime for at least one week at any time during the three-year period before the filing of this Complaint.**

## ILLINOIS CLASS ALLEGATIONS

63. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Illinois Class Members which is comprised of the following:

> **All current and former Bob Evans Assistant Managers who worked for Defendant in Illinois and who were classified as exempt from overtime for at least one week at any time during the three-year period before the filing of this Complaint.**

64. <u>Numerosity</u>. The number of members in the Illinois Class is believed to exceed 250. This volume makes bringing the claims of each individual member of the Illinois Class before this Court impracticable. Likewise, joining each individual member of the Illinois Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Illinois Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Illinois Class and Defendant.

65. <u>Typicality</u>. Plaintiff's claims are typical of the Illinois Class because like the members of the Illinois Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Illinois Class. Plaintiff and the Illinois Class have been under-compensated as a result of Defendant's common policies and practices which failed to comply with Illinois law, i.e., its misclassification of its Assistant Managers as exempt employees who, as such, were not entitled to overtime pay equivalent to time-and-a-half.

As such, Plaintiff's claims are typical of the claims of the Illinois Class. Plaintiff and all members of the Illinois Class sustained damages arising out of and caused by Defendant's course of conduct in violation of law as alleged herein.

66. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Illinois Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid overtime wages and damages required under Illinois law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Illinois Class he seeks to represent.

67. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

   a. Whether Defendant paid the Illinois Class Members at one and one half times their regular rate of pay for the hours they worked in excess of 40; and

   b. Whether the job duties of the Illinois Class Members fit within any of the exemptions to the requirement to pay overtime under Illinois law.

68. The common issues of law include, but are not limited to:

   a. Whether Defendant was required to pay the Illinois Class Members overtime pay as mandated under the IMWL;

   b. Whether Defendant violated the IMWL;

   c. Whether Plaintiff and the Illinois Class Members are entitled to compensatory damages; and

   d. The proper measure of damages sustained by Plaintiff and the Illinois Class Members.

69. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Illinois Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Additionally, prosecution of separate actions by individual members of the Illinois Class would create the risk inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

70. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, judicial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Illinois Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Illinois Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Illinois Class is readily identifiable from Defendant's records.

71. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; and (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply. Ultimately, a class action is a superior form to resolve the Illinois claims detailed herein because of the common nucleus of operative facts centered on Defendant's continued failure to pay Plaintiff and the Illinois Class Members per applicable Illinois laws.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

72. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

73. Defendant's practice of failing to pay Plaintiff and the FLSA Class Members time-and-one-half their regular rates of pay for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

74. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff and the FLSA Class Members.

### COUNT II
### VIOLATION OF THE ILLINOIS WAGE AND HOUR LAW
### FAILURE TO PAY OVERTIME

75. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

76. Defendant's practice of failing to pay Plaintiff and the Illinois Class Members time-and-one-half their regular rates of pay for all hours worked in excess of 40 per workweek violates the IMLA. 820 Ill. Comp. Stat. 105/4a.

77. None of the exceptions provided by the IMLA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff and the Illinois Class Members.

## DAMAGES SOUGHT

78. Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation and liquidated damages.

79. Plaintiff and the Class Members are entitled to recover their attorney's fees, costs, and interest.

## **JURY DEMAND**

80. Plaintiff and the Class Members hereby demand trial by jury on all issues.

## **PRAYER**

81. For these reasons, Plaintiff and the Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation, penalties, and liquidated damages;

   b. Certifying this case as a class action and collective action;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Don Foty*
    Don J. Foty
    S.D. Illinois Bar No. 240550022
    Hodges & Foty, LLP
    dfoty@hftrialfirm.com
    2 Greenway Plaza, Ste 250
    Houston, TX 77046
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

Attorneys for Plaintiff and Class Members